# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRUCE A. RAYMARK,

                Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

                Defendant.

Case No. 15-CV-25-JPS

**ORDER**

      Plaintiff filed this case in January 2015 complaining of errors in the decision of the Administrative Law Judge ("ALJ") in proceedings before the Social Security Administration ("SSA") which resulted in a denial of benefits. (Docket #1). The Commissioner moved to remand, and on October 26, 2015, the Court vacated the ALJ's decision and remanded the case to the SSA. (Docket #21). Plaintiff moved for an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and on February 1, 2016, the Court granted $6,752.20 in attorney's fees under the EAJA. (Docket #24).

      On remand, the SSA concluded that Plaintiff was entitled to past-due disability benefits. (*See* Docket #26-2). Thereafter, on June 15, 2017, Plaintiff's counsel, Robert C. Angermeier, filed a motion for an award of attorney's fees to be paid out of the plaintiff's past-due benefits, pursuant to 42 U.S.C. § 406(b)(1). (Docket #25, #26). The Commissioner has not filed an opposition to the plaintiff's motion.

      Section 206(b)(1) of the Social Security Act permits the Court to award a reasonable fee for work before the Court not to exceed 25% of past-

due benefits to which the claimant is entitled by reason of a judgment rendered in favor of the claimant. 42 U.S.C. § 406(b)(1). Here, Notices of Award dated September 20, September 25, and December 21, 2016, state that the SSA would pay Plaintiff and his family for past-due benefits but that 25% of those awards would be withheld to pay attorney's fees after any such fees are approved. (Docket #26-2).

The motion for attorney's fees asks this Court to approve the payment to Plaintiff's attorney of $22,513.05, which is 25% of the past-due benefits awarded to Plaintiff and Plaintiff's family, less the fees already paid to Plaintiff's attorney. (Docket #26 at 1-2). In support of the motion, Plaintiff's attorney has provided the contract signed by Plaintiff that expressly calls for a 25% total fee for representation before the Court and before the agency, as well as a statement in which Plaintiff explains that he supports his attorney receiving the full requested fee of $22,513.05. (Docket #26-1, #26-3).

Pursuant to the Seventh Circuit's teaching in *McGuire v. Sullivan*, 873 F.2d 974 (7th Cir. 1989), and in light of the lack of any opposition on this issue, the Court finds that the fees incurred by counsel are both reasonable and proper under 42 U.S.C. § 406(b)(1).

Accordingly,

**IT IS ORDERED** that the unopposed motion for attorney's fees (Docket #25) filed by Plaintiff's counsel be and the same is hereby **GRANTED**; the Commissioner is directed to pay $22,513.05 from the amount withheld for direct payment of attorney's fees to Plaintiff's counsel, Attorney Robert C. Angermeier.

Dated at Milwaukee, Wisconsin, this 1st day of August, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge